## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement ("Agreement") is entered into between PLAINTIFF, JOSUE ROMERO, including his heirs, executors, administrators, successors, and assigns (hereinafter "PLAINTIFF") and DEFENDANT, PALMETTO MOON, LLC ("DEFENDANT") (together the "PARTIES");

WHEREAS, DEFENDANT operates a place of public accommodation and has the following website: www.palmettomoononline.com (hereinafter, the "WEBSITE"), which is available through the internet;

WHEREAS, PLAINTIFF has filed a purported class action suit in the U.S. District Court for the Southern District of New York entitled *JOSUE ROMERO v. PALMETTO MOON, LLC.* (Docket No. 1:20-cv-07203-GHW) (the "Action") alleging that the WEBSITE is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law ("NYSHRL"), the New York State Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law ("NYCHRL");

WHEREAS, DEFENDANT does not admit, and expressly denies, violation of any federal, state or local law, including the ADA, NYSHRL, NYSCRL, and the NYCHRL, and any other wrongdoing or liability whatsoever;

AND WHEREAS, the PARTIES desire to avoid further expense, time, effort and uncertainty in regard to this action and have agreed to settle this action;

NOW THEREFORE, in consideration of the mutual promises contained therein, and intending to be legally bound, the PARTIES AGREE, as follows:

1.   General Release of PLAINTIFF'S Claims.

For and in consideration of the promises, commitments and undertakings set forth in this

Agreement, and for other good and valuable consideration, the receipt of which is hereby acknowledged, PLAINTIFF, on behalf of himself and his heirs, spouse, family, agents, attorneys, executors, administrators, trustees, legal representatives and assigns or any person or entity acting by or through his (collectively, the "Releasing Person"), hereby jointly and severally forever and irrevocably releases and discharges DEFENDANT, together with its past, present, and future affiliates, parent entities, subsidiaries, business units, divisions and their respective officers, trustees, employees, managers, agents, consultants, attorneys, advisors, representatives, insurers, heirs, executors, administrators, predecessors, successors and assigns or any other person acting by or through any of them (collectively, the "Released Parties"), from any and all claims, causes of action, disputes, damages, demands, complaints, obligations, liabilities, charges, costs, suits, equities and any and all other claims, whether known or unknown, whether legal, equitable or otherwise, suspected or unsuspected, which Releasing Person has or may have, from the beginning of the world to the date of this Settlement Agreement, including, without limitation, any and all claims pursuant to Title III of the ADA, the NYSHRL, NYSCRL, the NYCHRL and any state and/or local public accommodation laws, regarding the WEBSITE described herein (collectively, the "Released Claims"), but not including claims related to the enforcement of this Agreement. PLAINTIFF, on his own behalf and on behalf of the Releasing Person, acknowledges that he may have released claims that are presently unknown and that the release contained in this Agreement is intended to and does fully, finally and forever discharge all such released claims, whether now asserted or unasserted, known or unknown, he may have against the Released Parties.

2. Attorneys' Fees, Costs, Expenses, and Payments.

As a full and complete compromise of all Released Claims, DEFENDANT agrees to pay, and PLAINTIFF agrees to accept the total sum as set forth in a confidential side letter (the

"Settlement Amount"). The Settlement Amount shall be payable to PLAINTIFF's counsel within thirty (30) days of DEFENDANT's receipt of the Agreement executed by PLAINTIFF and conditioned upon PLAINTIFF's counsel providing a completed IRS Form W-9. Payment of this amount shall represent full and complete payment for all of PLAINTIFF's monetary claims, including his attorneys' and his expert's claims for monetary relief, any claims which were raised, or which could have been raised in this Action, whether known or unknown. DEFENDANT shall have no role, responsibility, liability or interest regarding how the total settlement amount is to be divided among PLAINTIFF, PLAINTIFF's attorneys, PLAINTIFF's expert witness(es), or any other persons with claims to said settlement amount. Except as set forth herein, each PARTY to this Action shall bear its own fees, expenses and costs related to this Action. The PARTIES herein agree that any future action brought by the PLAINTIFF regarding the subject matter of the Action and this Agreement, shall be limited to enforcement of this Settlement Agreement.

3.  Remedial Measures.

Within eighteen (18) months from the date of this Agreement ("Modification Period"), DEFENDANT shall bring the WEBSITE (or any successor website) into substantial conformance in reasonable respects with the applicable Web Content Accessibility Guidelines ("WGAC") 2.1 Level AA. Should Congress, the Department of Justice, or the United States Supreme Court issue a ruling or final regulations (as applicable) adopting a legal standard for website accessibility that is different from the WCAG 2.1, DEFENDANT shall have the option of substantially complying with such legal standard in its sole and absolute discretion. Notwithstanding the foregoing, Third-Party Content (as defined below) on the Website will not be required to meet the WCAG 2.1. (The term "Third-Party Content" refers to web content that is not developed or owned by DEFENDANT). The PARTIES further agree that DEFENDANT can link to Third-Party Websites

(as defined below) and shall not be responsible or liable for the state of their accessibility to individuals with disabilities. (The term "Third-Party Websites" refers to websites that are not developed, owned and operated by DEFENDANT). If DEFENDANT's ability to meet the deadline for compliance with this Section 3 is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of DEFENDANT's control, the PARTIES' respective counsel shall meet and confer regarding an extended deadline. If the PARTIES disagree regarding an extended deadline after the meet-and-confer, either PARTY will have the right to seek judicial relief.

## MISCELLANEOUS PROVISIONS

4. Enforcement.

If PLAINTIFF believes that this Agreement or any portion of it has been violated, PLAINTIFF shall give notice (including reasonable particulars) of such violation to DEFENDANT. DEFENDANT must respond to such notice as soon is practicable but no later than ninety (90) calendar days thereafter ("Cure Period"). If the alleged breach is of a nature that it cannot be cured during the Cure Period, the PARTIES shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged breach can be cured. PLAINTIFF and DEFENDANT shall negotiate in good faith in an attempt to resolve any dispute relating thereto. If the parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, PLAINTIFF may seek court enforcement of compliance with this Agreement. The court shall, in its discretion, award reasonable attorneys' fees and costs to the prevailing party in any such enforcement action.

5.   Scope.

This Agreement does not purport to remedy any violations or potential violations of the ADA or any federal or state law, other than those regulating the accessibility of the WEBSITE to individuals with disabilities.

6.   Authority.

The signatories represent that they have the authority to bind the respective PARTIES identified below to the terms of this Agreement.

7.   Counterparts Permissible.

This Agreement may be executed in counterparts, each of which shall be deemed an original against the PARTY whose signature is provided, and all of which shall be considered an original and together shall constitute one agreement binding on all PARTIES. Electronic signatures shall be deemed to be as valid and enforceable as original ink signatures.

8.   Notices.

All letters, notices, requests, demands and other communication required or permitted to be given to the PARTIES pursuant to this Agreement shall be in writing, provided by electronic mail, facsimile, or mail and addressed as follows:

For PLAINTIFF:

Joseph H. Mizrahi, Esq.
Cohen & Mizrahi LLP
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Email: joseph@cml.legal
Phone: 929-575-4175
Fax: 929-575-4195

For DEFENDANT:

Andrew G. Hope, Esq.
Buchanan Ingersoll & Rooney PC
50 South 16th Street, Suite 3200
Philadelphia, Pennsylvania 19102
Email: andrew.hope@bipc.com
Phone: (215) 665-5322
Fax: (215) 665-8760

9. Governing Law.

This Agreement shall be governed by the laws of the State of New York without regard to conflicts or choice of law rules or principles. Any action to enforce the terms of this Agreement shall be filed in the State of New York only.

10. Waiver.

If a PARTY, by its actions or omissions, waives or is adjudged to have waived any breach of this Agreement, any such waiver shall not operate as a waiver of any other subsequent breach of this Agreement.

11. Non-Assignment.

PLAINTIFF represents and warrants that he has made no assignment, and will make no assignment of any claim, right to sue, right of action, or any right of any kind whatsoever, embodied in any of the claims and allegations which are being released, as set forth above, and that no other person or entity of any kind had or has any interest in any of the demands, obligations, actions, causes of action, debts, liabilities, rights, contracts, damages, attorneys' fees, costs, expenses, losses, or claims referred to herein.

12. Non-admission of Wrongdoing.

The PARTIES agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the

Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind. Furthermore, this Settlement Agreement was reached after arm's length negotiations, whereby PARTIES deem said Settlement a fair and reasonable forecast of liability.

13. Amendment.

This Agreement may not be modified, altered, or changed except in writing and signed by all PARTIES wherein specific reference is made to this Agreement.

14. Successor and Assigns.

This Agreement is binding upon and shall inure to the benefit of the PARTIES hereto and their respective heirs, executors, administrators, personal or legal representatives, successors and/or assigns.

15. Construction of Agreement.

The PARTIES waive all applicable rules of construction to the extent that any provision of this Agreement should or could be construed against its drafter. The PARTIES further agree that all provisions of this Agreement shall be construed as a whole, according to the fair meaning of the language used.

16. Severability.

If any provision of this Agreement is or shall be declared invalid or unenforceable by a court of competent jurisdiction, except for the release provisions set forth in Paragraph 1, the remaining provisions shall not be affected thereby and shall remain in full force and effect.

17. Integration and Modification.

This Agreement contains all of the representations, promises, and understandings of the PARTIES. There are no other agreements or understandings except as set forth therein.

18. Consent Judgment and Stipulation of Dismissal.

The PARTIES hereto agree that, upon execution of this Agreement, to the entry of a Consent Decree, attached hereto as Exhibit A, without trial or further adjudication of any issue of fact or law raised in the Action. Within 10 days of the date PLAINTIFF'S counsel receives the Settlement Amount, the PARTIES, through their respective attorneys of record, shall execute, and PLAINTIFF, through his attorneys of record shall file the stipulation and order of dismissal.

19. Waiver.

For and in consideration of the promises, commitments and undertakings in this Agreement and for other good and valuable consideration, the receipt of which is hereby acknowledged, the firm of Cohen & Mizrahi LLP herein acknowledges that it currently does not have another client with any claim (ADA or other) nor is it actively seeking such a client against Defendant.

*Intending to be legally bound, the PARTIES have executed this Agreement.*

| JOSUE ROMERO | PALMETTO MOON, LLC |
|---|---|
| _J.R.R._ (signature) | By: _(signature)_ |
| | Its: _CEO_ |
| Dated: 10-26-2020 | Dated: 10/23/2020 |